IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANGEL LEMUS LINARES, | § § § | |
| Petitioner, | § § | |
| v. | § § | 1:25-CV-584-RP |
| CHARLOTTE COLLINS, *Warden, T. Don Hutto Detention Center,* et al., | § § § § | |
| Respondents. | § § | |

**ORDER**

     Before the Court is Petitioner Angel Lemus Linares's ("Lemus Linares") Petition for Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Lemus Linares filed his petition on April 21, 2025. (*Id.*). The case was referred to United States Magistrate Judge Dustin Howell for findings and recommendations, pursuant to 28 U.S.C. § 636(b). Judge Howell filed his report and recommendation on August 12, 2025. (Dkt. 14). In his report and recommendation, the magistrate judge recommends that the Court deny Lemus Linares's petition because he "does not provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." (*Id.* at 14). Lemus Linares filed objections to the report and recommendation on August 26, 2025. (Dkt. 15).

     A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Lemus Linares timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so, and for the reasons given in the report and recommendation, the Court overrules Lemus Linares's objections and adopts the report and recommendation as its own order.

In his objections, Lemus Linares informs the Court that after the magistrate judge issued his report and recommendation, Lemus Linares "received a favorable decision from the Board of Immigration Appeals (BIA) that remanded his case back to the Immigration Judge to reevaluate Petitioner's credibility and eligibility for relief." (Objs., Dkt. 15, at 2). Lemus Linares argues that awaiting a decision on remand will increase the time before his removal, and in light of this development, the Court should find there is no significant likelihood of removal in the foreseeable future and reject the report and recommendation. (*Id.* at 2–4). But as the magistrate judge explained, "the fact that there is no date certain for the resolution of Lemus Linares's application for withholding-only relief does not render his detention indefinite or suggest that there is no significant likelihood of removal in the reasonably foreseeable future." (R. & R., Dkt. 14, at 15). On the contrary, the BIA's remand of Lemus Linares's case is a step towards resolution.

Lemus Linares also argues that the report failed to address "the government's failure to present substantial evidence that removal is likely to occur in the near future," (Objs., Dkt. 15, at 3–4), relying on *Clark v. Martinez*, 543 U.S. 371 (2005). This case is distinguishable from *Clark*, however, because Lemus Linares has sought further review of his removal, which remains pending, while the petitioners in *Clark* did not seek further review. *See id.* at 375.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Dustin Howell, (R. & R., Dkt. 14), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Lemus Linares's Petition for Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**

**SIGNED** on September 24, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE